IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TORLUCCI,<br><br>        Plaintiff,<br><br>  v.<br><br>M.S. EVANS, Warden, et al.,<br><br>        Defendants.<br>_____/ | No. C 08-04124 SBA (PR)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Docket nos. 22, 35) |

Before the Court are Plaintiff's motions entitled: "Re: Request for Ext. of Time and Counsel Appointed" (docket no. 22) and "Supplement Motion for Appointment of Counsel" (docket no. 35). The Court will construe both filings as a request for appointment of counsel to represent him in this action.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of

1  these factors must be viewed together before reaching a decision on a request for counsel under
2  § 1915. See id.

3       The Court is unable to assess at this time whether exceptional circumstances exist which
4  would warrant seeking volunteer counsel to accept a pro bono appointment.  The proceedings are at
5  an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the
6  merits.  Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the
7  complexity of the issues involved.  See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th
8  Cir. 2004).  Accordingly, the request for appointment of counsel at this time (docket nos. 22, 35) is
9  DENIED.  This does not mean, however, that the Court will not consider appointment of counsel at
10 a later juncture in the proceedings, that is, after Defendants have filed their dispositive motion and
11 the Court has a better understanding of the procedural and substantive matters at issue.  Therefore,
12 Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive
13 motion has been filed.  If the Court decides that appointment of counsel is warranted at that time,
14 then it can seek volunteer counsel to agree to represent Plaintiff pro bono.

15      This Order terminates Docket nos. 22 and 35.

16      IT IS SO ORDERED.

17 DATED: 12/18/08

                                          _____
                                          SAUNDRA BROWN ARMSTRONG
18                                           United States District Judge

19
20
21
22
23
24
25
26
27
28

*United States District Court*
*For the Northern District of California*

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARTHUR TORLUCCI,

        Plaintiff,

v.

M S EVANS et al,

        Defendant.

Case Number: CV08-04124 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arthur Torlucci K-33910
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: December 22, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk