g

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTHUR TORLUCCI,

        Plaintiff,

  v.

M. S. EVANS, et al.,

        Defendants.
                                       /

No. C 08-04124 SBA (PR)

**ORDER OF SERVICE; AND DIRECTING FURTHER BRIEFING ON PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION**

## INTRODUCTION

Plaintiff, a state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical and mental health needs as well as deliberately indifferent to his safety needs. His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at the Salinas Valley State Prison (SVSP), which is located in this judicial district. See 28 U.S.C. § 1391(b).

On October 6, 2008, Plaintiff filed a motion, which the Court construed as a request for leave to file an amended complaint and a request for a blank civil rights complaint form. In an Order dated September 30, 2009, the Court noted that since he filed his motion, Plaintiff had "filed various documents entitled, 'Complaint Under the Civil Rights Act, Title 42 U.S.C. § 1983 . . . .'" (Sept. 30, 2009 Order at 1.) However, it was "unclear which document should be used as the operative complaint in this action." (Id. at 1.) The Court granted Plaintiff's motion to file an amended complaint, directed him to file it within forty-five days, and instructed the Clerk of the Court to send him a blank civil rights complaint form. The Court further noted that if Plaintiff did not file an amended complaint within forty-five days, then the document filed on October 30, 2008, entitled "Complaint Under the Civil Rights Act, Title 42 U.S.C. § 1983" (docket no. 37) would be considered the operative complaint. The Court also denied Plaintiff's motion for injunctive relief as

premature.

Plaintiff did not file an amended complaint within forty-five days of the September 30, 2009 Order; therefore, the October 30, 2008 complaint is the operative complaint in this action.

In the operative complaint, Plaintiff names the following Defendants: former California Department of Corrections and Rehabilitation (CDCR) Director of Corrections Ruth Rushen; SVSP Physicians G. Gauch; Vance Norum; B. Hedrick; R. Diaz and Sid; and SVSP Registered Nurse Denise Evelsror.  Plaintiff alleges that he has exhausted all available administrative remedies with respect to his claims.  Plaintiff seeks monetary damages and injunctive relief.  Plaintiff seeks a preliminary injunction to be permanently housed in a single cell.  (Oct. 30, 2008 Compl., Attach. at 1.)

**DISCUSSION**

**I.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**II.    Legal Claims**

The Court notes that Plaintiff's handwritten operative complaint is thirty-one pages long, including his handwritten attachment to the complaint.  He has also attached over two-hundred pages of exhibits.  Plaintiff's handwriting is difficult to decipher, and he lacks organization in explaining his claims.  Because the record shows Plaintiff has continuously filed multiple documents which are equally difficult to decipher, the Court finds that allowing any further

amendments would be futile. From what the Court can gather upon reviewing his lengthy operative complaint, Plaintiff's main claims allege violations of the Eighth Amendment based on deliberate indifference to his serious medical and mental health needs as well as deliberate indifference to his safety needs. Therefore, the Court will only consider these claims, as explained below.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A mentally ill prisoner may establish unconstitutional treatment on behalf of prison officials by showing that officials have been deliberately indifferent to his serious medical needs. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); see also Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements); Capps v. Atiyeh, 559 F. Supp. 894, 916 (D. Ore. 1983) (inmate suffers Eighth Amendment pain whenever he must endure untreated serious mental illness for any appreciable length of time).

The Eighth Amendment also requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer, 511 U.S. at 832. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. A prisoner need not wait until harm has occurred to state a claim and obtain relief. Id. at 845. If the court finds the Eighth Amendment's objective and subjective requirements satisfied, it may grant appropriate relief. Id. at 845-46; Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

3

A prisoner may state a claim under the Eighth Amendment against prison officials only where the officials acted with deliberate indifference to the prisoner's safety needs. See id. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See Farmer, 511 U.S. at 842. A prison official need not "believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault." See Berg, 794 F.2d at 459.

In the operative complaint, Plaintiff's allegation that he suffers from "Hep[atitis]-C III and TMJ and Tourette's Syndrome" as well as mental illnesses including "agoraphobia and social phobia," supports an inference that he has serious medical and mental health needs. (Oct. 30, 2008 Compl., Attach. at 3, 17.) Plaintiff alleges he received "single cell status for [his] Tourette's Syndrome and specific phobia of eating" in 2000 by the "chief psychiatrist of SVSP." (Id., Attach. at 3.) He claims that, at the time he filed the operative complaint, he had been housed at SVSP for ten years, and that he spent eight years in a single cell "and never had a cellie for more than a day, couple [of] days, few days, a week or 2 maybe 3, etc." (Id., Attach. at 3-4.) It is unclear when the periods of time he was double-celled increased, but Plaintiff claims that he suffered greatly from being double-celled because his phobias prevented him from "the functions of daily living, eating, drinking, using the toilet, going as far as brushing teeth and showering (when double celled I/M's are required to shower with their cellies on lockdowns or in the hole)." (Id., Attach. at 4.) Plaintiff claims that his "breakdowns were (in part) due to custody and psychs and administration bringing [him] to a single cell status hearing every 3-6 months or even 1 time a year [and] the anticipation of being double-celled onsets the anxiety and depression and insomnia associated as the main features of [his] phobias." (Id., Attach. at 2.) He also claims that he requires "permanent single cell status" in order to treat "both psychiatric and medical concerns, which pose a life and death situation to [him] when and if double celled or in a dormatory [sic] setting." (Id., Attach. at 1.) However, he alleges that "[e]ven with single cell status, [his] mental and physical health deteriorated, resulting in numerous suicide attempts, [and] suicide precaution measures . . . ." (Id.; Attach. at 2.)

4

Specifically, Plaintiff claims that he attempted suicide on July 20, 2007.  He argues that "the state of mind of prison officials on 7/20/07 (suicide attempt) and 8/21/08 revoking single cell status was and is 'the unnecessary and wanton infliction of pain' . . . defined as mental and physical." (Id., Attach. at 6.)  He claims that he "notified them that morning he would harm himself if left in cell #125," and that Defendants' inability to properly act upon being notified of his suicidal tendencies "meets the standard for Eighth Amendment purposes of prison officials responsible for a mentally ill person cutting his wrist . . . ." (Id.)  Finally, Plaintiff claims that "if [he] does not refuse a cellie and get a series of 115s he will surely risk injury to himself or his cellie by his actions and/or his cellie will injur[e] him as prisoner was victimized a few times by cellies . . . ." (Id., Attach. at 8.)  He claims Defendants "knew of prisoner's condition and acted with deliberate indifference in failing to inform chairperson B. Hedrick of the history of the truth of prisoner's 10 year history in SVSP." (Id., Attach. at 9.)  He adds that Defendants, specifically Defendant Norum, are "aware of prisoner's single-cell status [being] revoked and . . . is failing to respond in a reasonable manner to reinstate single cell status . . . ." (Id.)

Liberally construed, Plaintiff's allegations of inadequate physical as well as mental health care and the resulting injuries he sustained -- while he was housed there from 2007 to 2008[1] -- state a cognizable deliberate indifference claim against Defendants Rushen, Gauch, Norum, Hedrick, Diaz, Sid and Evelsror.  Furthermore, liberally construed, Plaintiff's allegations that being placed in double-cell status subjects him to a substantial risk of serious harm state a cognizable claim of deliberate indifference to his safety needs against these same Defendants.

Accordingly, Plaintiff's Eighth Amendment claims may proceed against these Defendants.

**III.     Request for a Preliminary Injunction**

Plaintiff has made a request for a preliminary injunction.  Specifically, he seeks "permanent single cell status for both psychiatric and medical concerns, which pose a life & death situation to Plaintiff when & if double celled or in a dormatory [sic] setting." (Id., Attach. at 1.)  He further

---

[1] The Court narrowed down the time frame of Plaintiff's deliberate indifference claim to 2007 through 2008 based on the following: his suicide attempt was on July 20, 2007; most of the attached 602 appeal forms were submitted in 2007; and his single-cell status was revoked in August, 2008 -- right before he commenced this suit.

5

claims that because he was diagnosed with agoraphobia and panic attacks, being double celled "surely will (not could) affect [his] mental health & physical safety." (Id., Attach. at 7.) Plaintiff claims that being single celled is necessary due to his "victimization for Tourettes [sic] and propensity to incite violence from tics and grunts, and verbal outbursts with a narcissistic personality and intermittent explosive disorder with a propensity for violence." (Id., Attach. at "14-A.") Moreover, Plaintiff adds that "there is no medication for phobias (only the anxiety) not the 'irrational but real fears' and hallucinations and suicidal and homicidal ideations [sic] with about 4 or 5 documented actual attempts & about 20-30 suicide precautions." (Id., Attach. at "19-G.")

Prior to granting a preliminary injunction, however, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).

The decision of whether to grant or deny a motion for preliminary injunction is a matter of the district court's discretion. Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The standard for assessing a motion for preliminary injunction is set forth in Winter v. Natural Res. Def. Council, Inc., --- U.S. ---, 129 S.Ct. 365, 376 (2008). "Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009).

Immediate injunctive relief, such as a temporary restraining order, may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b). Although Plaintiff swears under penalty of perjury that the information contained in his operative complaint is true and correct, and thus the operative complaint may be deemed an affidavit, and although the pleadings describe Plaintiff's circumstances

6

with a fair amount of specificity, it does not clearly appear from the pleadings that Plaintiff will suffer immediate injury before Defendants can be given an opportunity to respond.

In light of these circumstances, the Court orders service of the pleadings, as indicated below; and directs Defendants to respond to Plaintiff's request for a preliminary injunction.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states cognizable Eighth Amendment claims for deliberate indifference to serious medical and mental health needs as well as deliberate indifference to his safety needs against Defendants Rushen, Gauch, Norum, Hedrick, Diaz, Sid and Evelsror.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the operative complaint and all attachments thereto (docket no. 37) and a copy of this Order to **CDCR Director of Corrections Ruth Rushen; SVSP Physicians G. Gauch; Vance Norum; B. Hedrick; R. Diaz and Sid; and SVSP Registered Nurse Denise Evelsror**. The Clerk of the Court shall also mail a copy of the operative complaint (docket no. 37) and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.

If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    4.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a.    No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is

cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendants wish to file a reply brief, they shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  5. The Court concludes that Plaintiff's request for a preliminary injunction should not be granted without affording Defendants notice and an opportunity to be heard. Accordingly, Defendants are hereby ORDERED to respond to Plaintiff's request for a preliminary injunction when they file their Answer to the operative complaint. In order to expedite the resolution of this case, the Court orders as follows:

    a. On the same date their Answer is due, Defendants shall respond to Plaintiff's request for a preliminary injunction. The response to the request for a preliminary injunction shall be supported by adequate factual documentation and shall conform in all respects to the Federal Rules of Civil Procedure, and all papers filed with the Court shall be promptly served on Plaintiff. Defendants are specifically directed to inform the Court of any plans to provide Plaintiff with permanent single cell status.

    b. Plaintiff may file a reply within **thirty (30) days** of the date Defendants' response is filed. Plaintiff's reply should be supported by factual documentation and should demonstrate why Plaintiff satisfies the standard for assessing a request for a preliminary injunction, which is set forth in <u>Winter</u>, and has been outlined above.

  6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

DATED: 12/8/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.08\Torlucci4124.service.wpd  10

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARTHUR TORLUCCI,

        Plaintiff,

v.

M S EVANS et al,

        Defendant.
_____/

Case Number: CV08-04124 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arthur Torlucci K-33910
California State Prison - Corcoran
P.O. Box 8800
Corcoran, CA 93212

Dated: December 9, 2010

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Torlucci4124.service.wpd