IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TORLUCCI, | No. C 08-4124 SBA (PR) |
| Plaintiff, | **ORDER DENYING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT; DISMISSING ALL CLAIMS AGAINST DEFENDANT DIAZ; REISSUING SERVICE ON DEFENDANTS RUSHEN AND NORUM; DIRECTING PLAINTIFF TO SUBMIT CURRENT ADDRESSES FOR DEFENDANTS RUSHEN AND NORUM; AND ADDRESSING PENDING MOTIONS** |
| v. | |
| M. S. EVANS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical and mental health needs as well as deliberately indifferent to his safety needs while he was incarcerated at Salinas Valley State Prison (SVSP) from 2007 to 2008.  Plaintiff also filed a motion for appointment of counsel and a request for a preliminary injunction.  Specifically, he seeks "permanent single cell status for both psychiatric and medical concerns, which pose a life & death situation to Plaintiff when & if double celled or in a dormatory [sic] setting." (Compl., Attach. at 1.)  Plaintiff's application for in forma pauperis (IFP) status has previously been granted, and his motion for appointment of counsel has been denied.

The following background is taken from the Court's December 8, 2010 Order of Service:

> On October 6, 2008, Plaintiff filed a motion, which the Court construed as a request for leave to file an amended complaint and a request for a blank civil rights complaint form.  In an Order dated September 30, 2009, the Court noted that since he filed his motion, Plaintiff had "filed various documents entitled, 'Complaint Under the Civil Rights Act, Title 42 U.S.C. § 1983 . . . .'" (Sept. 30, 2009 Order at 1.)  However, it was "unclear which document should be used as the operative complaint in this action." (Id. at 1.)  The Court granted Plaintiff's motion to file an amended complaint, directed him to file it within forty-five days, and instructed the Clerk of the Court to send him a blank civil rights complaint form.  The Court further noted that if Plaintiff did not file an amended complaint within forty-five days, then the document filed on October 30, 2008, entitled "Complaint Under the Civil Rights Act, Title 42 U.S.C. § 1983" (docket no. 37) would be considered the operative complaint.

(Dec. 8, 2010 Order at 1.)  Because Plaintiff did not file an amended complaint within forty-five days of the September 30, 2009 Order, the Court determined that the October 30, 2008 complaint

was the operative complaint in this action. (Id. at 2.) Upon reviewing the October 30, 2008 complaint, the Court found that Plaintiff stated cognizable Eighth Amendment claims for deliberate indifference to serious medical and mental health needs as well as deliberate indifference to his safety needs against the following Defendants: California Department of Corrections and Rehabilitation (CDCR) Director of Corrections Ruth Rushen; SVSP Physicians G. Gauch, Vance Norum, B. Hedrick, R. Diaz and Sid; and SVSP Registered Nurse Denise Evelsizor.[1] The Court ordered the Clerk to send the October 30, 2008 complaint and a request for waiver of service to these Defendants. The Court also directed Defendants to respond to Plaintiff's request for a preliminary injunction at the same time they filed their answer. Finally, the Court set a briefing schedule which shall govern dispositive motions in this action.

On December 13, 2010, the Clerk mailed a Notice of Lawsuit, a Request for Waiver of Service of Summons as well as the October 30, 2008 complaint to each named Defendant. To date, Defendants Diaz, Rushen and Norum have not been served.

On January 20, 2011, Plaintiff filed a document entitled, "Supplemental Complaint Under Civil Rights Act, Title 42 U.S.C. § 1983," which was docketed on the Court's electronic database as his "Amended Complaint."

On February 7, 2011, Defendants filed a motion that the Court screen Plaintiff's amended complaint under 28 U.S.C. § 1915A and request for an extension of time to answer the October 30, 2008 complaint and respond to Plaintiff's request for a preliminary injunction. However, on February 11, 2011, Defendants filed their answer to the October 30, 2008 complaint. Defendants also filed their opposition to Plaintiff's request for a preliminary injunction as well as a request for judicial notice. Therefore, their request for an extension of time to file their answer and opposition are DENIED as MOOT.

On March 21, 2011, Plaintiff filed his first "Request for an Extension of Time," in which is requests for an extension for "as long as possible" because of a lack of access to his legal files due to his impending transfer to Mule Creek State Prison (MCSP). However, Plaintiff does not elaborate on which particular deadline he is seeking to extend.

---

[1] Plaintiff mis-spelled Defendant Evelsizor as "Evelsror" in his October 30, 2008 complaint.

On March 22, 2011, Plaintiff filed a document entitled: "(1) Notification of Change In Address; (2) Request for Extension of Time; [and] (3) Request for Copies of Court Files." Plaintiff informed the Court that he has been transferred to MCSP. He again seeks "the longest extension of time;" however, he still does not elaborate on which particular deadline he is seeking to extend. Finally, he requests copies of the October 30, 2008 complaint and Defendants' opposition to his request for a preliminary injunction.

In an Order dated March 22, 2011, the Court informed Plaintiff that service has been ineffective on Defendant Diaz because the SVSP litigation coordinator stated that: "Personnel records for the institution do not reflect employment of a person by this name." (Mar. 22, 2011 Order at 1.) The Court directed Plaintiff to provide the Court -- within thirty days of that Order -- with a current address for Defendant Diaz.

On March 29, 2011, Plaintiff filed a document entitled, "Motion for Counsel and Extension of Time." Plaintiff submits his second request for appointment of counsel. In his attached request for an extension of time, he clearly states that he "cannot meet a deadline to file a reply brief to Defendants' opposition and asks for an extension of time." (Pl.'s Mar. 29, 2011 EOT at 1.) Plaintiff again requests copies of the October 30, 2008 complaint and Defendants' opposition to his request for a preliminary injunction.

On April 8, 2011, Plaintiff filed a document entitled, "Notice of New Address and Reply to Notice Regarding Inability to Serve R. Diaz." Plaintiff again informs the Court of his new address at MCSP. He also explains that he "does not know who R. Diaz is and claims the name R. Diaz is a mistake by the Court." (Pl.'s Apr. 8, 2011 Notice at 1.) He adds, "Even if [it was] not a mistake, Plaintiff is unable to find a correct address for him/her." (Id.)

On May 12, 2011, Defendants filed a motion to dismiss the October 30, 2008 complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground Plaintiff had failed to exhaust his administrative remedies.

## DISCUSSION

**I.     Plaintiff's Request for Leave to File an Amended Complaint**

As mentioned above, Plaintiff was previously granted an opportunity to file an amended

3

1    complaint within forty-five days of the Court's September 30, 2009 Order; however, he failed to do
2    so. Therefore, the Court determined that his October 30, 2008 complaint was the operative
3    complaint in this action. After the Court reviewed the October 30, 2008 complaint and issued its
4    December 8, 2010 Order of Service, Plaintiff filed an amended complaint on January 20, 2011. The
5    amended complaint is handwritten and is fifteen pages long. Plaintiff seeks to add new claims
6    against other Defendants that were not in the October 30, 2008 complaint.

7    This action was filed on August 28, 2008, almost three years ago. Plaintiff's October 30,
8    2008 complaint, which is thirty-one pages long with over 200 pages of exhibits attached, pertains to
9    a specific set of events and a limited number of Defendants, most of whom have already been
10   served. While Plaintiff has had the opportunity to file a proper amended complaint, he failed to do
11   so timely. Instead, Plaintiff now presents the Court with a handwritten fifteen-page document,
12   which -- just like his other filings -- is difficult to decipher. The Court finds that it is in the interests
13   of justice and judicial efficiency to construe Plaintiff's filing of his amended complaint as a request
14   for leave to file an amended complaint, and the Court DENIES Plaintiff's request. In light of this
15   ruling, Defendants' motion that the Court screen Plaintiff's amended complaint is also DENIED.

17   Accordingly, Plaintiff's case may only proceed on the Eighth Amendment claims for
18   deliberate indifference to serious medical and mental health needs as well as deliberate indifference
19   to his safety needs against Defendants Rushen, Gauch, Norum, Hedrick, Diaz, Sid and Evelsizor.

20   **II.    Unserved Defendants**
21      **A.    Defendant Diaz**

22   As Plaintiff is proceeding IFP, he is responsible for providing the Court with current
23   addresses for all Defendants so that service can be accomplished. See Walker v. Sumner, 14 F.3d
24   1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990). As
25   mentioned above, Defendant Diaz has not been served in this action.

26   Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120
27   days from the filing of the complaint, it may be dismissed without prejudice for failure of service.
28   When advised of a problem accomplishing service, a pro se litigant proceeding IFP must "attempt to

remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

In its March 22, 2011 Order, the Court directed Plaintiff to provide the Court with a current address for Defendant Diaz. In a response, Plaintiff claims that he does not know who Defendant Diaz is and that he is unable to find that Defendant's current address.

Accordingly, all claims against Defendant Diaz are DISMISSED without prejudice under Rule 4(m).

### B. Defendants Rushen and Norum

As mentioned above, Defendants Rushen and Norum have also not been served, and no appearance has been made on their behalf. The waivers of service of summons sent to these Defendants on December 13, 2010 have not been returned as either executed or unexecuted. Court staff have contacted the litigation coordinators at SVSP and the CDCR in an effort to locate these Defendants so that they can be served; however, to date, these Defendants have not been located. In any event, the Court will make one last attempt serve each of these Defendants at their last-known address. The Clerk is directed to reissue service on Defendants Rushen and Norum at the CDCR and SVSP, respectively, with new copies of the Notice of Lawsuit and Request for Waiver of Service of Summons as well as all the documents outlined in the Court's December 8, 2010 Order.

Because the Court has had previous problems accomplishing service on Defendants Rushen and Norum and in the event that its final attempt to reissue service on these Defendants is also ineffective, Plaintiff must remedy these service issues. As mentioned above, if service is ineffective on a defendant and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m). See Fed. R. Civ. P. 4(m). Accordingly, no later than **thirty (30) days** from the date of this Order, Plaintiff must provide the Court with current addresses for Defendants Rushen and Norum. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current addresses of these Defendants.

### III. Second Request for Appointment of Counsel

Plaintiff has filed a second request for appointment of counsel. In a December 18, 2008

5

1  Order denying Plaintiff's prior request for appointment of counsel, the Court said:

> There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.
>
> The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the complexity of the issues involved. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).

(Dec. 18, 2008 Order at 1-2.) For the same reasons as above, Plaintiff's second request for appointment of counsel is DENIED. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after the Court reviews Defendants' dispositive motion and Plaintiff's upcoming opposition -- in order for it to be in a better position to consider the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel when he files his opposition to Defendants' dispositive motion. If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to represent Plaintiff pro bono.

**IV.    Plaintiff's Request for an Extension of Time to Respond to Defendants' Opposition**

Also before the Court is Plaintiff's request for an extension of time due to the fact that his transfer to MCSP would delay his access to his legal property for two months. The Court construes his request as a motion for an extension of time to respond to Defendants' opposition to his request for a preliminary injunction. Because Plaintiff has been at MCSP for more than two months, the Court assumes that he now has access to his legal property. Moreover, Defendants' dispositive motion has just been filed.

Accordingly, the Court GRANTS Plaintiff an extension of time to respond to Defendants'

6

opposition. Plaintiff shall file his response to Defendants' opposition at the same time he files his opposition to their dispositive motion. Pursuant to the Court's December 8, 2010 Order of Service, Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **July 11, 2011,** which is "sixty (60) days after the date on which Defendants' motion is filed." (Dec. 8, 2011 Order at 8.)

**V.      Pleading Requirements**

Because Plaintiff has not been following proper pleading requirements. All future pleadings submitted by Plaintiff to the Court shall comply with the following provisions of Rules 3-4(c)(2)-(3), and 7-4(a)(2)-(5), (b), of the Northern District of California Civil Local Rules:

Rule 3-4. Papers Presented for Filing.

(c) General Requirements.

    (2) Written Text. Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations. Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch. Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman). The text of footnotes and quotations must also conform to these font requirements.

    (3) Identification of Paper. Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation. Once the Court assigns a case number to the action that case number must be included in the footer.

Rule 7-4. Brief or Memorandum of Points and Authorities.

(a) Content. In addition to complying with the applicable provisions of Civil L.R. 3-4, a brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain:

\*\*\*

    (2) If in excess of ten pages, a table of contents and a table of authorities;

    (3) A statement of the issues to be decided;

    (4) A succinct statement of the relevant facts; and

    (5) Argument by the party, citing pertinent authorities.

(b) Length. Unless the Court expressly orders otherwise pursuant to a party's request

made prior to the due date, briefs or memoranda filed with opposition papers may not exceed twenty-five pages of text and the reply brief or memorandum may not exceed fifteen pages of text.

Civil L.R. 3-4(c)(2)-(3), 7-4(a)(2)-(5), (b).

Any pleadings which do not meet these requirements and for which prior permission to exceed the page limits has not been sought shall be returned to Plaintiff without being filed.

## **CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1.     In order to avoid any confusion based on the number of complaints and amended complaints filed in this action, the Clerk is directed to entitle the October 30, 2008 complaint (docket no. 37) as the "Operative Complaint."

2.     Defendants' request for an extension of time to answer the October 30, 2008 complaint and respond to Plaintiff's motion for a preliminary injunction (docket no. 80) are DENIED as moot.

3.     Plaintiff's filing of his amended complaint (docket no. 79) is construed as a request for leave to file an amended complaint, and the Court DENIES Plaintiff's request.  Defendants' motion that the Court screen Plaintiff's amended complaint (docket no. 80) is also DENIED.

4.     All claims against Defendant Diaz are DISMISSED without prejudice under Rule 4(m).

5.     The Clerk is directed to reissue service on **CDCR Director of Corrections Ruth Rushen at the CDCR and SVSP Physician Vance Norum at SVSP** with new copies of the Notice of Lawsuit and Request for Waiver of Service of Summons as well as all the documents outlined in the Court's December 8, 2010 Order.

No later than **thirty (30) days** from the date of this Order, Plaintiff must provide the Court with the current addresses for Defendants Rushen and Norum.

**If the waivers of service of summons sent to Defendants Rushen and Norum are returned unexecuted after this final attempt to serve them and if Plaintiff fails to provide the Court with these Defendants current addresses within the thirty-day deadline, all claims against these Defendants will be dismissed without prejudice under Rule 4(m)**.

6. Plaintiff's second request for appointment of counsel (docket no. 92) is DENIED.

7. Plaintiff's request for an extension of time (docket nos 89, 90, 92) -- which has been construed as a motion for an extension of time to respond to Defendants' opposition to his request for a preliminary injunction -- is GRANTED. Plaintiff's response to Defendants' opposition and his opposition to their dispositive motion shall be filed with the Court and served on Defendants no later than **July 11, 2011.** Defendants shall filed their reply brief no later than **August 10, 2011.**

8. Plaintiff request for copies of the October 30, 2008 complaint and Defendants' opposition to his request for a preliminary injunction (docket no. 90, 92) is GRANTED. Along with a copy of this Order, the Clerk shall mail Plaintiff copies of the thirty-one-page October 30, 2008 complaint (not including the attached exhibits) as well as Defendants' seven-page opposition to his request for a preliminary injunction. If Plaintiff wishes to receive copies of any other documents, he shall pay the required fee for the Clerk to photocopy those documents.

9. This Order terminates Docket nos. 79, 80, 89, 90 and 92.

IT IS SO ORDERED.

DATED:   5/16/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.08\Torlucci4124.denyAM&dismDiaz-4(m)&pendMOTS.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARTHUR TORLUCCI,

        Plaintiff,

  v.

M S EVANS et al,

        Defendant.

Case Number: CV08-04124 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arthur Torlucci K-33910
Mule Creek State Prison
P.O. Box 409020
Ione, CA 95640-9020

Dated: May 16, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Torlucci4124.denyAM&dismDiaz-4(m)&pendMOTS.wpd