IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTHUR TORLUCCI,

    Plaintiff,

v.

VANCE NORUM, et al.,

    Defendants.

No. C 08-04124 SBA (PR)

**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL AND DENYING AS MOOT HIS MOTION FOR AN EXTENSION OF TIME TO FILE HIS OPPOSITION**

    Plaintiff has filed a second request for appointment of counsel to represent him in this action.

    There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

    In an Order dated December 18, 2008, the Court denied Plaintiff's first request for appointment of counsel because, at that time, the proceedings were at an early stage and it was premature to determine the likelihood of success on the merits. Presently, the Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel do not exist. The likelihood of Plaintiff's success on the merits still cannot be ascertained at this point in the proceedings, and the legal issues are not complex. Accordingly, Plaintiff's second request for appointment of counsel (docket no. 112) is DENIED.

Also before the Court is another request by Plaintiff for an extension of time to file his opposition to Defendants' motion for summary judgment. Plaintiff has attached a document entitled, "Opposition to Summary Judgment [sic]," which he submitted "in case his etension [sic] of time is not granted." (July 13, 2011 Opp'n at 3.) In that document, Plaintiff complains that he is "in the hole" and that only "some of his legal work was given to him." (Id. at 2.) He also claims that he requested to have his "mental/medical records issued to him from the medical records department." (Id. at 3.) In an Order dated July 11, 2011, the Court granted Plaintiff's previously-filed request for an extension of time to file his opposition. In that Order, the Court informed the parties that Plaintiff may file his opposition to Defendants' motion for summary judgment no later than **August 10, 2011,** and that Defendants' reply to the opposition must be filed no later than **August 25, 2011.** Accordingly, Plaintiff's pending request for an extension of time to file his opposition (docket no. 114) is DENIED as moot. If Plaintiff fails to file his opposition by the August 10, 2011 deadline, then the Court with construe the document entitled, "Opposition to Summary Judgment [sic]," as his full opposition.

**No further extensions of time will be granted in this case absent exigent circumstances.**

This Order terminates Docket no. 112 and 114.

IT IS SO ORDERED.

DATED: 7/15/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.08\Torlucci4124.2NDdenyATTY&denyEOT-moot.frm      2

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  ARTHUR TORLUCCI,

                    Case Number: CV08-04124 SBA
5           Plaintiff,
                    **CERTIFICATE OF SERVICE**
6     v.

7  M S EVANS et al,

8           Defendant.
                                          /

9

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

11  That on July 19, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

12

13

14

15  Arthur Torlucci K-33910
    Mule Creek State Prison
16  P.O. Box 409020
    Ione, CA 95640-9020

17

18  Dated: July 19, 2011

                    Richard W. Wieking, Clerk
19                  By: LISA R CLARK, Deputy Clerk

20

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\CR.08\Torlucci4124.2NDdenyATTY&denyEOT-moot.frm    3