1
2
3
4
5   IN THE UNITED STATES DISTRICT COURT
6   FOR THE NORTHERN DISTRICT OF CALIFORNIA

7   ARTHUR TORLUCCI,                              No. C 08-4124 SBA (PR)

8           Plaintiff,                            **ORDER DENYING PLAINTIFF'S REQUESTS (1) FOR LEAVE TO FILE A SUR-REPLY, (2) FOR LEAVE TO FILE AN AMENDED COMPLAINT, AND (3) FOR A TRO OR PRELIMINARY INJUNCTION**

9       v.

10  VANCE NORUM, et al.,

11          Defendants.                           (Docket nos. 133, 137, 138)

12  _____/

13

14          Before the Court is Plaintiff's "Motion for a Request to File a Reply Brief to Defendants['] 
15  Reply to Plaintiff[']s Opposition and Points [for] Authorities." In response to the Court's December 
16  8, 2010 Order of Service, Defendants filed a dispositive motion. Plaintiff has opposed the motion, 
17  Defendants have filed a reply, and now Plaintiff requests leave to file a sur-reply. He is seeking 
18  permission from this Court to do so, as required by the Northern District of California's Local Rules. 
19  Specifically, Civil Local Rule 7-3 provides, in pertinent part, that "once a reply is filed, no 
20  additional memoranda, papers or letters may be filed without prior court approval." Civ. L. R. 
21  7-3(d). In the present case, Plaintiff has previously been given an opportunity to file an opposition 
22  to Defendants' dispositive motion. He was also granted an extension of time to do so. As mentioned 
23  above, Plaintiff filed his opposition and Defendants filed their reply. Therefore, Defendants' 
24  disposition motion is now submitted and ready for the Court's review. Moreover, Plaintiff filed his 
25  own motion for summary judgment, and Defendants have opposed his motion. Plaintiff's reply to 
26  Defendants' opposition is due no later than September 22, 2011. Pursuant to the Court's August 25, 
27  2011 Order, Plaintiff's motion for summary judgment will be deemed submitted as of September 22,
28

2011, whether or not he files his reply.[1] Because the Court finds that Plaintiff has been given adequate opportunity to respond to Defendants' dispositive motion and because both pending dispositive motions will be deemed submitted as of September 22, 2011, his motion for leave to file a sur-reply (docket no. 137) is DENIED.

Plaintiff has also filed a "Motion Compelling Mule Creek State Prison [MCSP] Officials to Honor Plaintiff's Due Process Rights for a Fair Hearing and/or Trial" as well as a document entitled, "Amended Complaint Under 28 U.S.C. § 1915A TRO/Preliminary Injunction," which was only marked as "RECEIVED" by the Clerk on September 12, 2011. However, the Court construes this September 12, 2011 document as another request for leave to file an amended complaint and a request for a temporary restraining order (TRO) or preliminary injunction.[2] The Clerk is directed to file this September 12, 2011 document and to docket it as his "Request for Leave to File an Amended Complaint and Request for a TRO." Plaintiff claims that he has been transferred to Kern Valley State Prison (KVSP); therefore, he moves for a TRO or preliminary injunction relating to issues at KVSP, where he claims that "Serax, Tylenol 3 and Methadone and single cell status were taken from him." (Req. for Lv. to Amend and Req. for TRO at 1.) He "seeks [an] injunction on the Director of [the] CDCR to get these things re-instated permanently in any CDCR facility." (Id.) The Court notes that Plaintiff's present civil rights complaint for damages under 42 U.S.C. § 1983 alleged constitutional violations that occurred while he was incarcerated at Salinas Valley State

---

[1] Contrary to Plaintiff's claims in his motion, the Court has never granted him leave to file a sur-reply in any "previous order." (Mot. for Lv. to File Sur-Reply at 1.) Instead, in its August 25, 2011 Order, the Court indicated that Plaintiff "may file a reply to Defendants' response to his motion for summary judgment no later than September 22, 2011." (Aug. 25, 2011 Order at 3.)

[2] In an Order dated May 16, 2011, the Court denied Plaintiff's previously-filed request for leave to file an amended complaint. At that time, the Court determined that "Plaintiff's case may only proceed on the Eighth Amendment claims for deliberate indifference to serious medical and mental health needs as well as deliberate indifference to his safety needs against Defendants Rushen, Gauch, Norum, Hedrick, Diaz, Sid and Evelsizor." (May 16, 2011 Order at 4.) In another Order dated August 25, 2011, the Court construed a similarly-filed "Amended Complaint Under 28 U.S.C. § 1915A and Preliminary Injunction Motion" as his requests for leave to file an amended complaint and for a preliminary injunction. The Court denied Plaintiff's requests because he was challenging the conditions of his confinement at MCSP. Moreover, the denial was without prejudice to filing an action in the Eastern District of California, where MCSP is located. Therefore, Plaintiff's motion entitled, "Motion Compelling Mule Creek State Prison [MCSP] Officials to Honor Plaintiff's Due Process Rights for a Fair Hearing and/or Trial," which also deals with issues involving alleged constitutional violations at MCSP, is DENIED as moot.

Prison (SVSP); however, he has since been transferred to KVSP. In the instant motion for a TRO or preliminary injunction, Plaintiff is challenging the conditions of his confinement at KVSP. Similarly, in his request for leave to file an amended complaint, Plaintiff seeks to amend his complaint to add claims stemming from alleged constitutional violations at KVSP. (Id.) Accordingly, the aforementioned requests (docket no. 138) are DENIED without prejudice to filing an action in the Eastern District of California, where KVSP is located.[3]

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for leave to file a sur-reply (docket no. 137) is DENIED.

2. The Clerk is directed to file the document entitled, "Amended Complaint Under 28 U.S.C. § 1915A TRO/Preliminary Injunction" (docket no. 138), and to docket it as his "Request for Leave to File an Amended Complaint and Request for a TRO."

3. Plaintiff's requests for leave to file an amended complaint and for a TRO or preliminary injunction (docket no. 138) are DENIED without prejudice to filing an action in the United States District Court for the Eastern District of California.

4. Plaintiff's "Motion Compelling Mule Creek State Prison [MCSP] Officials to Honor Plaintiff's Due Process Rights for a Fair Hearing and/or Trial" (docket no. 133) is DENIED as moot.

5. The Court will resolve the pending dispositive motions filed by Defendants and Plaintiff in a separate written Order.

6. This Order terminates Docket nos. 133, 137 and 138.

IT IS SO ORDERED.

Dated: 9/21/11

*Saundra B Armstrong*
SAUNDRA B. ARMSTRONG
United States District Judge

---

[3] As mentioned above, supra note 1, the instant action will be limited to damages for Defendants' actions/omissions while Plaintiff was incarcerated at SVSP, which is located in this district.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARTHUR TORLUCCI,

        Plaintiff,

v.

M S EVANS et al,

        Defendant.

Case Number: CV08-04124 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arthur Torlucci K-33910
Kern Valley State Prison
P.O. Box 6000
Delano, CA 93216

Dated: September 22, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Torlucci4124.denySURREPLY&amCOMPL.wpd 4